### MOORE et al. v. MOORE.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

MORTGAGES (§ 38*)—ABSOLUTE DEED AS SECURITY—SUFFICIENCY OF EVIDENCE.
   Evidence *held* to show 'that a deed absolute in form was intended merely as security for money advanced the grantor by the grantee.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. § 38.*]

Appeal from Judgment on Report of Referee.

Action by Alfred A. Moore and another against Frank A. Moore. From a judgment entered on the report of a referee in defendant's favor, plaintiffs appeal. Reversed, and new trial granted, unless defendant stipulates within 20 days for a modification of the judgment as stated in the opinion; and affirmed, if he so stipulates.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Louis M. Martin, for appellants.
R. H. Woolver (M. H. Kiley, of counsel), for respondent.

COCHRANE, J. This is an action by two of the heirs at law of Mary Ann Norton to set aside a deed executed by her to the defendant July 4, 1902, on the grounds of mental incapacity, undue influence, fraud, and inadequate consideration. The grantor was a widow without descendants, and died in December, 1903. The deed was subject to the life estate of the grantor and the consideration was therein expressed as follows:

"The consideration referred to hereinbefore is the sum of five hundred dollars ($500) and the furnishing first party with an additional sum of five hundred dollars. The first sum of five hundred dollars being paid by second party to first party on the delivery of this deed. The additional sum of five hundred dollars to be furnished by second party to first party on the delivery of this deed. Said additional sum of five hundred dollars is to be repaid by first party or to be repaid out of her estate after her death. It being understood that the money thus furnished is to be used in settling with Arthur and Julia Branagan, who are now occupying said premises. If on said settlement a portion of said money is unused, or is returned to first party by said Arthur and Julia Branagan, that part unused or returned to first party is to be repaid to second party."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The grantor had previously made a contract with said Arthur Branagan relative to the property in question, with which contract she had become dissatisfied, and the purpose of the conveyance to defendant was to raise money with which to effect a cancellation of the Branagan contract. All of the $1,000, being the consideration of the deed, was paid to Branagan, and the contract with him was canceled and rescinded, on July 11th, one week after the execution of the deed. Under the evidence produced herein we would not be disposed to interfere with the conclusion of the learned referee, were it not for one fact, which we are unable to overlook. On September 10, 1902, Mrs. Norton executed under seal an instrument of which the following is a copy:

"Whereas, on the 11th day of July, 1902, Frank A. Moore advanced to me the sum of $1,000 to be used in settlement with Arthur Branagan, and I secured him by a deed of my farm, and security on my stock; and, whereas, I am indebted to Edwin J. Brown in the sum of one hundred dollars for services in connection with said settlement with Branagan, and I am desirous of paying him; and, whereas, said Frank A. Moore is willing to furnish said sum of $100 to pay said Brown: Now, therefore, for the purpose of securing said Moore for said sum of $100, I do hereby charge my estate with the payment of the same at my death, the same to be paid out of my personal property, and to be a continuing charge upon by estate until fully paid with interest. The payment to be made at the same time he is paid for the $1,000 advanced as aforesaid."

This instrument was delivered to the defendant, who, pursuant to the tenor thereof, advanced the sum of $100 to Mr. Brown. After the death of Mrs. Norton the defendant presented claims against her estate for the said sum of $100, and also for the sum of $500, being part of the consideration of the deed, attaching to such claims copies of the said instrument of September 10, 1902, as evidence in their support. On the judicial settlement of her estate he received his proportional share of these claims; the personalty of the deceased being insufficient for the payment in full of her indebtedness. It is probably true that the recitals of this instrument of September 10, 1902, have merely the force of an admission, and could not effect the destruction of a prior absolute conveyance, the validity of which was unquestioned. But the admission is of such a deliberate and formal nature, and is so entirely inconsistent with the theory of a prior absolute grant of the property, intelligently comprehended and fully understood by the grantor, that it is impossible to reconcile the deed with this subsequent instrument.

The draftsman of the deed also drew the contract of settlement between the grantor and Branagan. They were related transactions, and negotiations for the settlement with Branagan were proceeding contemporaneously with the execution of the deed. This draftsman of both instruments was called as a witness by the defendant, and testified minutely concerning the Branagan contract and the conversations and statements of Mrs. Norton in connection therewith and the circumstances surrounding the same. But not a word of testimony was offered relative to the circumstances of the deed, except that it was prepared by him and executed and acknowledged in his office. There is nothing to show that the grantor understood the purport of the deed.

Nor is there any testimony relative to the circumstances surrounding the execution of the subsequent instrument of September 10th. The two instruments are absolutely irreconcilable, and no explanation of their inconsistency has been attempted.

According to the terms of the deed the defendant was to pay in fact only $500 for the property, subject to the life estate of the grantor, the entire value of which property was stated by the defendant in an affidavit to be about $4,500. Very clearly, if Mrs. Norton and the defendant understood the latter instrument, the deed must have been intended merely as security, and not as an absolute conveyance; and, if thus understood, the subsequent effort of the defendant to gain an advantage under the deed to which he was not entitled would justly compel the inference that the grantor had been overreached and made the subject of imposition in executing an instrument of a different import from that intended. She was a woman about 70 years of age, subject to certain infirmities, and by the force of circumstances brought into business relations with the defendant, in whom she reposed a certain degree of confidence, and it was clearly incumbent on him to make satisfactory explanation that the deed, and not the subsequent instrument, represented the correct status between himself and his grantor. In the absence of such explanation, the conclusion of the referee that the deed was an absolute conveyance of the property is against the clear weight of evidence.

The appellants consent on this appeal that the deed be allowed to stand as security for so much of the consideration thereof as remains unpaid to the defendant. Under the facts as found by the learned referee, we doubt our power to make such disposition of the case, unless the respondent consents thereto; but, in case of his unwillingness to give such consent, the judgment must be reversed.

The judgment should be reversed on law and facts, the referee discharged, and a new trial granted, with costs to the appellants to abide the event, unless respondent stipulates within 20 days that the judgment be so modified as to provide that the deed may stand as security for so much of the consideration thereof as remains unpaid to him; and in case such stipulation be given the judgment, as so modified, should be affirmed, with costs to both parties in both courts, payable out of the property. All concur.